**Leroy MOOREHEAD, Plaintiff–Appellant,**

v.

**The NEW YORK CITY TRANSIT AUTHORITY, Defendant–Appellee.**

**No. 05–0576–CV.**

United States Court of Appeals, Second Circuit.

Nov. 17, 2005.

Nelson M. Farber, New York, N.Y., for Appellant.

Victor M. Levy, Office of the General Counsel, New York City Transit Authority, Brooklyn, N.Y., for Appellee.

Present: CALABRESI, B.D. PARKER, and WESLEY, Circuit Judges.

**SUMMARY ORDER**

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

On October 9, 2002, Plaintiff–Appellant Leroy Moorehead filed a federal complaint alleging that Defendant–Appellee the New York City Transit Authority ("NYCTA") failed to promote him because of his race, national origin, and age in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.* The district court (Chin, *J.*) granted NYCTA's motion for summary judgment on both claims on January 6, 2005. Judge Chin held that Moorehead had timely filed an administrative charge of discrimination, but that according to the criteria established by the NYCTA in its job posting, no rational jury could conclude that Moorehead was more qualified for his desired position than the successful candidates. We assume the parties' familiarity with the relevant facts and the specification of issues on appeal.

Moorehead filed a discrimination charge with the New York State Division of Human Rights on November 24, 1998. This date fell within 300 days of the April, 1998 date on which, according to his testimony, Moorehead saw the actual list of successful candidates and thereby learned that he had not been promoted. *See* 42 U.S.C. § 2000e–5(e)(1); *Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 713 (2d Cir. 1996); *see also O'Malley v. GTE Serv. Corp.*, 758 F.2d 818, 820 (2d Cir.1985) (stating that a charge of discrimination "is measured from the date the claimant receives notice of the allegedly discriminatory decision, not from the date the decision takes effect.") The district court was therefore correct in finding Moorehead's administrative filing to have been timely.

The NYCTA was entitled to summary judgment, however, on the merits of Appellant's claim. A plaintiff cannot survive summary judgment on Title VII or ADEA claims if he has failed to adduce sufficient evidence from which a rational factfinder could find that he had been fired because of his protected characteristics. *See Jetter v. Knothe Corp.*, 324 F.3d 73, 76 (2d Cir. 2003) (per curiam); *see also James v. New York Racing Ass'n*, 233 F.3d 149, 157 (2d Cir.2000) ("[T]he test for summary judgment is whether the evidence can reasonably support a verdict in plaintiff's favor."). Although Appellant established a prima facie case of discrimination for failure to promote, he provided no evidence of pretext from which a rational factfinder could conclude that the NYCTA's reasons for its promotional choices were pretexts for discrimination. *See Dawson v. Bumble & Bumble*, 398 F.3d 211, 216 (2d Cir.2005).

We have considered each of Appellant's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court is AFFIRMED.